IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZAIRY I. SHAKUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-255-WKW-KFP |
| | ) |
| COCA COLA UNITED, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Zairy I. Shakur filed this action alleging claims under Title VII for "sex discrimination/sexual harassment" and retaliation. Doc. 1. She asserts these claims against her former employer, Coca Cola United, and two individual defendants, Chris Crum and Robert Sellers, who are employees of Coca Cola. Doc. 1, ¶¶ 3-4. Defendants Crum and Sellers filed a Motion to Dismiss arguing that Shakur failed to state a claim because individual capacity suits are inappropriate under Title VII and those claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docs. 16, 21. Shakur filed a response in opposition to the motion, but she did not address the individual capacity argument. Doc. 20. Upon review and for the reasons that follow, the Court finds the claims against the individual defendants are due to be dismissed and RECOMMENDS that the Motion to Dismiss (Doc. 16) be GRANTED.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). It is well settled in the Eleventh Circuit that relief under Title VII "is available against only the employer and not against individual employees whose actions would constitute a violation of the Act . . . ." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (citing *Hinson v. Clinch Cty Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)) (emphasis omitted). The Eleventh Circuit has determined that "[i]ndividual capacity suits under Title VII are . . . . inappropriate." *Busby*, 931 F.2d at 772; *see also Braden v. Piggly Wiggly*, 4 F. Supp. 2d 1357, 1364 (M.D. Ala. 1998) ("Title VII does not impose individual liability but only holds the employer accountable for the acts of its individual agents") (citation and internal quotations omitted). Instead, "'discriminatory personnel actions taken by an employer's agent only create liability for the employer-entity, and not for the agents themselves.'" *Chaney v. Cmty. Hospice of Baldwin Cty.*, No. 1:18-CV-237-TFM-M, 2019 WL 489115, at *4 (S.D. Ala. Feb. 7, 2019) (quoting *Gibson v. Hickman*, 2 F. Supp. 2d 1481, 1482 (M.D. Ga. 1998) (citing *Busby*, 931 F.2d at 772); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)); *see also Prescott v. Indep. Life & Acc. Ins. Co.*, 878 F. Supp. 1545, 1552 (M.D. Ala. 1995) ("[A] suit under Title VII brought against an employee as agent of the employer is regarded as a suit against the employer itself.") (citing *Busby*, 931 F.2d at 772); *Wheeles v. Nelson's Elec. Motor Servs.*, 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("A plaintiff may bring a Title VII

2

suit against an individual in his official capacity. . . . However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action.") (citations omitted); *Davis v. Infinity Ins. Co.*, No. 2:15-CV-01111-JHE, 2016 WL 4507122 *18 (N.D. Ala. Aug. 29, 2016) (noting that, where an employer already is a named defendant, claims against a supervisory employee in her official capacity are "redundant" and "would be futile").

Thus, in the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his individual capacity. *See, e.g. Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1186 (M.D. Ala. 2000); *Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir. 1996) (no individual responsibility under Title VII); *see also Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the *Busby* holding after the 1991 amendments to Title VII and holding liability under Title VII is limited to official-capacity actions). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Shakur cannot state a claim against the individual defendants, and Shakur's claims against Crum and Sellers warrant dismissal as a matter of law.

Accordingly, the Magistrate Judge RECOMMENDS that the Motion to Dismiss (Doc. 16) filed by Defendants Crum and Sellers be GRANTED.

It is further ORDERED that by **October 22, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of October, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE