IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZAIRY I. SHAKUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-255-WKW |
| | ) [WO] |
| COCA COLA UNITED, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court are Defendants Crum's and Sellers's Motion to Dismiss (Doc. # 16), the Magistrate Judge's Report and Recommendation (Doc. # 26), Plaintiff's objections thereto (Doc. # 27), Plaintiff's filing styled as a "Motion Not to Dismiss" (Doc. # 28), and Plaintiff's motion for leave to amend her complaint (Doc. # 29). For the reasons stated below, the Motion to Dismiss is due to be granted, the Magistrate Judge's Report and Recommendation is due to be adopted, Plaintiff's Motion Not to Dismiss is due to be granted, and Plaintiff's motion for leave to amend her complaint is due to be denied as moot.

Plaintiff brings a claim under Title VII of the Civil Rights Act of 1964 against her former employer, Coca Cola United, and two individual defendants, Chris Crum and Robert Sellers, who are employees of Coca Cola. As the Magistrate Judge noted, "a plaintiff may not bring a Title VII claim against an employer's agent in his

individual capacity." (Doc. # 26 at 3.) The Magistrate Judge thus recommended that the Motion to Dismiss be granted and the claims against the individual defendants be dismissed.

Plaintiff agrees with the Magistrate Judge. In her objections, Plaintiff says that "the claim is with Coca Cola United and not with the individuals." (Doc. # 27 at 1.) She states: "The Court can dismiss them as individuals but not Coca Cola United." (Doc. # 27 at 2.) Plaintiff's "Motion Not to Dismiss" makes the same arguments, maintaining that her complaint has sufficiently stated a claim against Coca Cola United, but conceding that the employees cannot be named as defendants. (Doc. # 28.) Plaintiff's proposed amended complaint is identical to her operative pleading, except for omitting the names of the individual defendants in the first paragraph. (Doc. # 29.)

Plaintiff should rest assured that dismissing the individual defendants from this case will not end the case. Her claims against Coca Cola United will continue. And she may argue that Coca Cola United is liable based on the actions of the individuals, even when the individuals are not defendants in this action.

Because this order dismisses the claims against Defendants Crum and Sellers, Plaintiff's proposed amendments to her complaint would not have any material effect on this case. Her motion to amend her complaint is therefore moot.

Without objection to the substance of the Magistrate Judge's Report and Recommendation, and based on a *de novo* review of the record, it is ORDERED:

1. Plaintiff's Objections (Doc. # 27), to the extent they seek to prevent dismissal of her claim against Coca Cola United at this time, are SUSTAINED, and in any other respect are OVERRULED;

2. Plaintiff's "Motion Not to Dismiss" (Doc. # 28) is GRANTED to the extent that Coca Cola United shall not be dismissed from this case at this time;

3. The Magistrate Judge's Report and Recommendation (Doc. # 26) is ADOPTED;

4. Defendants Crum's and Sellers's Motion to Dismiss (Doc. # 16) is GRANTED and Plaintiff's claims against these defendants are DISMISSED with prejudice;

5. The Clerk of the Court is DIRECTED to terminate Defendants Crum and Sellers on the docket sheet.

6. Plaintiff's motion for leave to file a second amended complaint (Doc. # 29) is DENIED as moot.

DONE this 25th day of October, 2021.

                                               /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE